IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DANNY WHITE, ET AL.                                                              PLAINTIFFS

v.                                        No. 5:04CV00396 GH

OFFICER DOYLE LAMAR WEBB, ET AL.                                      DEFENDANTS

## ORDER

On August 3rd, plaintiffs filed a motion to voluntary non-suit this case without prejudice due

to the October trial, one of their attorneys experiencing health problems, the other one resigning from

the case, discovery not being completed nor no deposition taken, and plaintiffs' right to justice and

a fair proceeding would be prejudiced if the case were to proceed forward at this point.  By order

filed on August 5th, the Court granted plaintiffs' motion.

Separate defendants had filed a motion to dismiss on August 5th for failure to comply with this

Court's order and discovery rules and for costs and fees incurred in their attempts to have plaintiffs

comply with discovery.  However, the Court was not aware of this motion that had been filed

approximately two hours prior to the Court's receipt of a copy of plaintiffs' motion and proposed

precedent for order of dismissal.

On August 8th, separate defendants filed a motion to reconsider that they were not able to

respond through the ECF system as it does not permit a response when the motion was not entered

or filed.[1]  They request, pursuant to Fed. R. Civ. P. 41(d), that the Court set out in its order on

reconsideration that, if the matter is refiled, they are entitled to costs, expenses and fees for any

duplicative work and that the proceedings will be stayed until plaintiffs comply as separate

defendants were forced to pay $3,000 to the Arkansas Municipal League for primary handling of this

case which will be forfeited upon the Court allowing plaintiffs to non-suit the case without prejudice.

Separate defendants renew their request for costs and fees incurred in attempting to procure plaintiffs'

compliance with this Court's order and rules of discovery.  Finally, they request that the order on

reconsideration state that their discovery responses remain to this Court's protective order as those

responses contain sensitive information.  Plaintiffs have not responded to this motion.

The case of Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n, 56 F.3d

977, 978-979 (8th Cir. 1995), provides the following guidance:

> In granting a motion for voluntary dismissal, district courts typically impose the condition
> that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit.
> Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994).  In fact, this Court has held
> that under certain circumstances, it is an abuse of discretion for a district court not to
> condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the
> case is refiled.  Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984).

Defendants are correct in their request to amend the August 5th order to condition the

voluntary dismissal upon the payment of separate defendants' costs and fees upon refiling and to stay

the proceedings in a refiled case until the plaintiffs have paid the costs of the previously dismissed

action.  See, Fed. R. Civ. P. 41(a)(2) and  Fed. R. Civ. P. 41(d).  The Court also agrees that the

separate defendants' discovery responses should remain subject to the July 15th protective order.

However, the Court is not persuaded that the costs and fees incurred in attempting to procure

---

[1]Plaintiffs file-stamped the original motion in the Pine Bluff drop box on August 3rd, but instead of depositing the original motion in that box opted to mail the original motion to the Clerk's office which received it on August 8th.

plaintiffs' compliance with this Court's order and rules of discovery should be imposed at this juncture.

Accordingly, the separate defendants's August 8th motion (#51) for reconsideration is hereby granted in part and denied in part. The August 5th order is amended to condition the voluntary dismissal upon the payment of separate defendants' costs and fees upon refiling and to stay the proceedings in a refiled case until the plaintiffs have paid the costs of the previously dismissed action pursuant to Fed. R. Civ. P. 41(a)(2) and Fed. R. Civ. P. 41(d). The separate defendants' discovery responses provided to plaintiffs in this action remain subject to the July 15th protective order. The costs and fees incurred in attempting to procure plaintiffs' compliance with this Court's order and rules of discovery in this case will not be imposed at this time. Due to the plaintiffs' motion to dismiss being docketed after the order granting that motion resulting in the motion still appearing as pending, the Clerk is directed to take the necessary action to reflect that the August 3rd motion (#52) was granted by the August 5th order as modified by this order.

IT IS SO ORDERED this 23rd day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE